## WALSH v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided Feb 2, 1931

Stanton & Connell, Cleveland, for Walsh.
R. T. Miller, Cleveland, for State.

JUSTICE, J.

The motion, which was filed and heard before the trial of the cause on its merits was properly overruled because the evidence, offered at the hearing of the motion, tends to abundantly establish the arrest of the accused prior to the removal of the revolver from his overcoat pocket. Furthermore, under the circumstances, which we will not point out as they are well known to all concerned, the police officers were justified in searching the accused at the time and in the manner complained of, and in so doing, so far as the record discloses, they violated none of his constitutional rights. Porello v State of Ohio, 121 Oh St, 280.

Coming now to the second proposition. It is true that the accused introduced evidence tending to show that the revolver was the property of Edward O'Leary; that the revolver was found by the accused on the night that O'Leary was shot at his "joint" on Chester Street; and, that the accused, at the time he was seized by the police officers, was bringing the revolver to the O'Leary residence for the purpose of delivering it to its owner. These facts, however, even if true, and manifestly the jury did not accept them as true, do not in and of themselves, bring the case within the provisions of §13448-4, GC. However, the evidence tends to abundantly prove the unlawful possession of the revolver by the accused at the time of his arrest. Hence, this assignment of error is not tenable.

Upon the whole case we are unanimously of the opinion that Walsh had a fair trial.

Holding these views it follows that the judgment of the Common Pleas Court should be affirmed.

MIDDLETON, PJ, and CROW, J, concur.